Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Black, Olcott, Gruber & Bonynge, for appellant.
Nadal, Carrere & Jones, for respondent.

MacLEAN, J.　Missing certain articles of value from his house, the plaintiff on January 30, 1905, resorted to a claim upon a policy of insurance against "direct loss by burglary, larceny, or theft," issued him by the defendant upon certain conditions, inter alia, that the assured, upon loss occurring, give immediate notice to the company, or its agent, and to the police, that the assured present forthwith a claim exhibiting certain specified particulars, and that the policy be void if the conditions or circumstances of the risk be materially changed without the written consent of the company.　Evidence of noncompliance with each of these conditions was not wanting, while, beyond the fact of their disappearance, the case was bare of showing that the articles had been feloniously abstracted.　In July of 1904, in anticipation of renovating the house, madame packed up and put away many things, including an ivory piece and a dozen spoons.　There came in plasterers, painters, carpenters, and the lighting people.　The family remained in the house for a time, later slept in an apartment, though taking meals in the house, later left it in the occupation of the workmen and two servants, the lady and daughter to visit in Cleveland, and the husband to go South.　Returning just before January, 1905, Mrs. Katzenstein discovered right away that an electric annunciator was not in the closet where it belonged, that three automatic burners (which had been taken off for the new electric lights) were not about, and in the first days that she could not find the ivory piece or the spoons.　No notice to the company of the disappearance of these things appears before the presentation of the meager "proof of loss" at the end of January; no information to the police before March.　More noteworthy still is it that no intimation was given of the material changes in the conditions and circumstances of the risk, which changes, if known, might have caused the company to exercise its reserved option to cancel the policy upon tendering the unearned premium.　The testimony of the plaintiff and his witness made out no case against the defendant, and the complaint was rightly dismissed.

Judgment affirmed, with costs.　All concur.

---

(48 Misc. Rep. 643.)

## WOOD et al. v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Term.　November 24, 1905.)

CARRIERS—DELIVERY OF GOODS—NOTICE TO CONSIGNEE.

An address upon a box intrusted to a carrier read "Wm. Wood & Co., New York," while the shipping ticket read "W. Wood."　There were 40 persons in the New York directory, who bore the name of "W. Wood." *Held*, that the carrier did not fulfill its duty by mailing a notice of the arrival of the box at destination to a "W. Wood" selected by chance from the names in the directory.

Appeal from the Municipal Court, Borough of Manhattan, Sixth District.

Action by William H. S. Wood and others against the Baltimore & Ohio Railroad Company. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bird & Tarbox, for appellants.

Guthrie, Cravath & Henderson (Robert McC. Marsh, of counsel), for respondent.

MacLEAN, J. This action is to recover damages for the delay of the defendant in delivering a box of books consigned to the plaintiffs in this city. It appears that the defendant, as a connecting carrier, received the box in St. Louis, and that it reached its destination here on or about April 18, 1903, but was not delivered until a year and a half later, when it was discovered in a storage warehouse, where it had been stored by the defendant. The address upon the box read, "Wm. Wood & Co., New York, N. Y.," while the shipping ticket read, "W. Wood, N. York, N. Y." Though the shipping ticket was received by the defendant from a preceding carrier, it does not appear that it constituted the contract of shipment. The box received and carried bore the name of the consignee and destination, and notice mailed to that name and destination would have fulfilled the diligence in such cases required of the defendant, unfulfilled by notice mailed to the name upon the shipping ticket to a chance address selected from 40 such appearing in the City Directory. It may not thus escape its liability.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.